UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANNY STOLBA and LOIS ROTH,** *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**WELLS FARGO & Co., WELLS FARGO BANK, N.A., a wholly-owned subsidiary of Wells Fargo & Co.,**<br><br>Defendants. | Civil Action Number:<br>10-cv-6014 (WJM) (MF)<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

This action comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Danny Stolba and Lois Roth's ("Plaintiffs") class-action complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, Wells Fargo's motion will be **GRANTED**.

I.   BACKGROUND

Danny Stolba and Lois Roth, both residents of New Jersey, are homeowners and mortgage-holders. Wells Fargo Bank, N.A.[1] is a national banking association chartered in South Dakota with its principal place of business in California. 28 U.S.C. §§ 1332, 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).

Generally, Plaintiffs' Complaint alleges the following facts. As a result of his financial difficulties, Danny Stolba applied for a loan modification with Wells Fargo on or about March 2009. In response, Wells Fargo informed Mr. Stolba that he might qualify for a Trial Period Plan ("TPP") under the federally funded Home Affordable Modification Program ("HAMP"), whereby Mr. Stolba's mortgage would be modified in order to avoid foreclosure. Mr. Stolba made the TPP payments from July until October 2009, when Mr. Stolba was instructed by Wells Fargo to cease payment until December. On September 14, 2009, Wells Fargo placed Mr. Stolba on notice of its intent to foreclose on Mr. Stolba's property. After a convoluted back-and-forth between Mr. Stolba and Wells

---

[1] Defendant Wells Fargo & Co. has already been dismissed from this action.

Fargo representatives, which included more paperwork, loan modification packets, and requests for additional information, Wells Fargo informed Mr. Stolba on July 21, 2010 that it could not provide a loan modification because it had not received all requested documents. Foreclosure proceedings were ongoing at the time the Complaint was filed.

In January 2010, Lois Roth applied for a similar mortgage modification with Wells Fargo and submitted supporting documentation. After another complicated back-and-forth with Wells Fargo, which included various attempts to remedy Ms. Roth's check-writing errors, Wells Fargo informed Ms. Roth that she was in foreclosure.

Plaintiffs filed the present collective and class action on December 17, 2010. Plaintiffs' Complaint contains seven counts. First, Plaintiffs allege (1) a breach of contract claim stemming from Wells Fargo's failure to provide permanent modifications, by wrongfully denying the existence of the modification agreements, and by instituting or continuing foreclosure proceedings on loans that were allegedly not in default. Similarly, Plaintiffs allege that (2) Wells Fargo breached the implied covenant of good faith and fair dealing. Plaintiffs further allege that Wells Fargo (3) fraudulently and (4) negligently misrepresented and failed to disclose material facts relating to Wells Fargo's loan modification and foreclosure processes, which were (5) allegedly performed negligently. Finally, Plaintiffs argue that Wells Fargo violated (6) the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56.8-1, and (7) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Subsequently, Wells Fargo filed the instant motion seeking dismissal.

## II.   STANDARD OF REVIEW

*Motion to Dismiss*. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a mere formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id*. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

Defendant asserts a variety of defenses. This opinion deals with each in turn.

*Fair Debt Collection Practices Act*. Plaintiffs' federal cause of action alleges violation of the FDCPA. 15 U.S.C. § 1692 et seq. Wells Fargo argues that the FDCPA does not apply because it is not a "debt collector" under the Act.

The FDCPA defines debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. § 1692a(6). However, that term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id*. § 1692a(6)(F). Therefore, the servicer of a residential mortgage loan is not a "debt collector" if the loan in question is not in default when acquired by the servicer. *See Siwulec v. Chase Home Fin., LLC*, 2010 WL 5071353, at *3 (D.N.J. Dec. 7, 2010); *Dawson v. Dovenmuehle Mortg., Inc.*, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002).

"[T]he law is well-settled . . . that . . . mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003); *James v. Wells Fargo Bank, NA Corp.*, 2011 WL 1874707, at *3 (D. Utah May 17, 2011); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). The allegations in the Complaint state that Wells Fargo began servicing Plaintiffs' debts before they were in default. Am. Compl. ¶¶ 161-62, 216-217. Therefore, Wells Fargo is not a "debt collector" for purposes of the FDCPA, *Scott*, 326 F. Supp. 2d at 718, and this claim will be dismissed.

*Breach of Contract*. Plaintiffs further allege that Wells Fargo breached their TPP Agreements by failing to offer a permanent loan modification.[2] In Plaintiffs' view, TPP agreements are valid, enforceable contracts which require servicers to offer permanent loan modifications so long as Plaintiffs execute the agreement, make timely payments, and provide the requisite documentation. As Wells Fargo did not provide a permanent modification, Plaintiffs argue that Wells Fargo committed a breach of contract.

As an initial matter, HAMP does not create a private right of action for borrowers. *See, e.g.*, *Wigod v. Wells Fargo Bank, N.A.*, 2011 WL 250501, at *4 (N.D. Ill Jan. 25, 2011) ("The vast majority of courts that have considered the issue have agreed that HAMP

---

[2] Plaintiffs also assert a breach of contract claim arising out of the original loan agreement, which Wells Fargo allegedly breached by conducting foreclosure proceedings. However, as Wells Fargo points out, Plaintiffs themselves assert that they were in default. Therefore, it would appear that Plaintiffs' position fails to state a claim for breach of contract.

provides no private right of action."). However, Plaintiffs bring this suit on the theory that the TPP constituted a contract under state law between Wells Fargo and Plaintiffs. Plaintiffs' claims therefore arguably arise under Wells Fargo's alleged failure to comply with its contractual obligations under the TPP or state contract law, not under HAMP or any federal statute. *See Durmic v. J.P. Morgan Chase Bank, N.A.*, 2010 WL 4825632, at *1 (D. Mass. Nov. 24, 2010).

Several courts have already flatly rejected Plaintiffs' state contract law theory of liability. In *Vida v. One West Bank, F.S.B.*, the homeowner-plaintiff contended that her breach of contract claim was based on her TPP agreement and common-law contract principles, independent of HAMP. 2010 WL 5148473, at *4 (D. Or. Dec. 13, 2010). The court dismissed her claim, holding that she "fail[ed] to state a cause of action independent of HAMP," because "the alleged offer to modify came about and was made wholly under the rubric of HAMP, as were [her] alleged actions in acceptance of the offer." *See id*. at *4-5. Subsequent cases have adopted *Vida*'s analysis in dismissing purported TPP breaches of contract claims. *See, e.g.*, *Wigod*, 2011 WL 250501, at *5; *Thomas v. JP Morgan Chase & Co.*, 2011 WL 3273477, at *8 (S.D.N.Y. July 29, 2011).

Even apart from HAMP, Plaintiffs have not stated a plausible claim for breach of contract. Although the Court accepts as true Plaintiffs' factual allegations that they timely made TPP payments and provided the requisite documentation, the plain language of the relevant TPP documents makes clear that satisfying the TPP conditions for permanent modification does not guarantee that Plaintiff would receive such modification. *See* Am. Compl. ¶ 172 ("[y]ou *may* qualify for a [HAMP TPP]" and "*If* we are able to modify your loan under the terms of the program . . . ." (emphasis added)). For these reasons, and in line with an apparent majority of courts to address this issue, this Court concludes that Plaintiffs' allegations fail to state a claim. *See, e.g*., *Bourdelais v. J.P. Morgan Chase*, 2011 WL 1306311, at *5 (E.D. Va. Apr. 1, 2011) (citing numerous cases dismissing breach of contract claims arising from purported TPP agreements).[3]

*Breach of Covenant of Good Faith and Fair Dealing*. Given that the Court has determined that there was no enforceable contract between Wells Fargo and Plaintiffs (in connection with the TPP or HAMP), a breach of the implied covenant would not appear possible. *Overseas Food Trading, Ltd. v. Agro Acietunera S.A.*, 2006 WL 2482580, at *2 (D.N.J. Aug. 28, 2006); *Wade v. Kessler Inst.*, 778 A.2d 580, 584 (N.J. Super. Ct. App. Div. 2001).

---

[3] *But see Durmic v. J.P. Morgan Chase Bank, N.A.*, 2010 WL 4825632 (D. Mass. Nov. 24, 2010); *Bosque v. Wells Fargo Bank, N.A*., 762 F. Supp. 2d 342 (D. Mass. 2011). However, these cases have been distinguished and flatly rejected by more recent decisions concerning TPP agreements. *See, e.g., Bourdelais*, 2011 WL 1306311 at *5 n.9 (distinguishing *Durmic* and *Bosque* because "neither case addressed whether the plaintiff's claim was precluded as an attempt to privately enforce HAMP.").

*Fraudulent and Negligent Misrepresentation.* Plaintiffs further allege that Wells Fargo fraudulently and/or negligently misrepresented to them that their property would not be scheduled for or foreclosed upon if they complied with the terms of the TPP.

Statements as to future or contingent events do not constitute misrepresentations, intentional or negligent, even though they may turn out to be wrong. *See Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*, 479 F. Supp. 738, 749-49 (D.N.J. 1979); *United Mobile Homes, Inc. v. ING Inv. Mgmt., LLC*, 34 Fed. Appx. 876, 877 (3d Cir. 2002) (dismissing a negligent misrepresentation claim because the alleged misrepresentation "was nothing more than a statement of a possible future conditional event" which "fails to meet the requirements of a claim of intentional misrepresentation"). Similarly, a mere promise to do something in the future, which goes unfulfilled, does not constitute fraud unless the promisor had no intention of keeping such promise at the time it was made. *Scivoletti v. JP Morgan Chase Bank, N.A.*, 2010 WL 2652527, at *3 (D.N.J. June 25, 2010).

As discussed, the TPP agreement included numerous conditions and was therefore only a possible future or conditional event. See Am. Compl. ¶ 172 ("[y]ou *may* qualify for a [HAMP TPP]" and "*If* we are able to modify your loan under the terms of the program . . . ." (emphasis added)). Likewise, there are no well pled allegations to the effect that Wells Fargo had no intention of modifying plaintiffs' loans at the time both parties entered into discussions concerning the TPP.

Alternatively, Plaintiffs' fraudulent and negligent misrepresentation claims would fail for lack of reasonable reliance. Under New Jersey law, an essential element of both fraudulent and negligent misrepresentation is justifiable or reasonable reliance on the other party's misrepresentation. *See McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 2005 WL 3500032, at *4 (D.N.J. Dec. 20, 2005) (holding that "justifiable reliance on [a] misrepresentation" is an element of a fraudulent misrepresentation claim (citing *Richie & Pat Bonvie Stables, Inc. v. Irving*, 796 A.2d 899, 906 (N.J. Super. Ct. App. Div. 2002))); *Travelodge Hotels, Inc. v. Honeysuckle Enters., Inc.*, 357 F. Supp. 2d 788, 799 (holding that "to establish a claim for negligent misrepresentation, a plaintiff must show that '[a]n incorrect statement, [was] negligently made and justifiably relied on'" (quoting *Kaufman v. I-Stat Corp.*, 754 A.2d 1188, 1195 (N.J. 2000))).

Plaintiffs argue that they reasonably relied on the TPP in that Wells Fargo would permanently modify the terms of their mortgage loans as long as they made all required payments under the TPP and supplied all required documentation. However, as mentioned earlier, much of the relevant TPP language is conditional. Indeed, courts have stated that a TPP is "explicitly not an enforceable offer for loan modification." *Vida*, 2010 WL 5148473, at *6. As such, courts have concluded that a party's reliance on a TPP is not reasonable and therefore destroys a claim for either fraudulent or negligent misrepresentation. *Wigod*, 2011 WL 250501, at *7 (citing *Vida*).

*Negligent Processing.* Plaintiffs allege that Wells Fargo breached its duty of reasonable care in the processing and determination of Plaintiffs' loan modification applications. At common law, negligence can be established when (1) there was a duty of care, (2) the

duty was breached, (3) and the breach was the proximate cause of (4) actual damages. *See Polzo v. Cnty. of Essex*, 960 A.2d 375, 384 (N.J. 2008). However, "a bank does not owe a duty of care to a borrower, even if the borrower is a consumer." *Shinn v. Champion Mortg. Co., Inc.*, 2010 WL 500410, at *4 (D.N.J. Feb. 5, 2010) (citing *United Jersey Bank v. Kensey*, 704 A.2d 38, 44-45 (N.J. Super. Ct. App. Div. 1997)); *Park v. M & T Bank Corp.*, 2010 WL 1032649, at *7 (D.N.J. Mar. 16, 2010) (same).[4] Accordingly, courts have thrown out negligent processing claims arising out of HAMP. *See, e.g.*, *Thomas*, 2011 WL 3273477 at *11. Therefore, as Wells Fargo owed no duty of care to Plaintiffs, negligent processing cannot be established.

*New Jersey Consumer Fraud Act*. Plaintiffs further allege that Wells Fargo engaged in unconscionable conduct in connection with foreclosure proceedings in violation of the New Jersey Consumer Fraud Act ("CFA"). The elements of a CFA claim include: (1) unlawful conduct, (2) ascertainable loss, and (3) a causal relationship between each defendant's alleged conduct and the plaintiff's ascertainable loss. *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007). As a matter of pleading, these elements must conform to Fed. R. Civ. P. 9(b)'s specificity requirements. Here, Plaintiffs assert that the unlawful conduct was Defendant's purported fraud. As the fraud claims have been dismissed, so must the CFA claims.

## IV.  CONCLUSIONS

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED** and Plaintiffs' complaint is **DISMISSED**.

An appropriate order follows.

s/William J. Martini

_____

**DATE: August 8, 2011**                                **William J. Martini, U.S.D.J.**

---

[4] Wells Fargo did not originate Plaintiff Stolba's loan. Rather, Wells Fargo serviced the loan for the note-holder. Plaintiff Stolba and Wells Fargo's discussions in regard to the TPP began while Wells Fargo merely serviced the loan. Wells Fargo's customer, at this time, was the note-holder, not Stolba. Even if a preexisting commercial relationship between a bank and its customer might be said to give rise to a duty of care; here, Plaintiff was not a bank customer in any meaningful sense of the word.

6